# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD McELVEEN, on behalf of Himself and on behalf of all persons similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>QUALITY INTEGRATED SERVICES, INC., )<br><br>Defendant. ) | Case No. CIV-18-414-C |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Named Plaintiff Chad McElveen ("Plaintiff") and Quality Integrated Services, Inc. ("Defendant") submit their joint motion for approval of the parties' settlement of legal claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The parties' agreement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions and meets the standards for judicial approval.

The proposed settlement provides Plaintiff and the Class Members (collectively herein, "Plaintiffs") with a reasonable recovery in light of the risks inherent in continued litigation and trial. Defendant has defended the claims asserted in this lawsuit and continues to deny that Defendant committed any wrongdoing or violated any state or federal law pertaining to the payment of wages. However, in light of the costs, risks, and delays of continued litigation balanced against the benefits of settlement, the settlement is in the best interest of the parties.

The parties respectfully request that their motion be granted in full.

## FACTUAL BACKGROUND

### I. PROCEDURAL HISTORY

Named Plaintiff Chad McElveen filed this case on April 27, 2018, on behalf of himself and other similarly situated inspector employees who were allegedly misclassified by Defendant as exempt employees. Plaintiff alleged in his Complaint that he and the putative collective class were paid a on a day rate basis, or a set amount for each day he worked regardless of the hours worked. [Doc. No. l]. Plaintiffs allege they were paid a day rate and regularly worked over forty hours in workweek but were not paid overtime in violation of the FLSA. (*Id.*) Defendant denied the allegations and raised several affirmative defenses, including that Plaintiff and other putative collective members were properly classified as exempt and therefore not entitled to overtime. Defendant alleges that the Plaintiff and other putative class members were paid a weekly salary in excess of $455, for a total compensation in excess of $100,000.00 per year and were exempt from overtime under three exemptions (administrative, executive and highly compensated) and therefore not entitled to overtime. Shortly after this case was filed, three additional inspectors filed consent forms to join this case.

On October 26, 2018, this Court entered an Order conditionally certifying an FLSA putative class. [Doc. No. 32]. The putative class certified by that order consisted of all day rate paid inspectors that worked on the same inspection projects as Plaintiff McElveen and the three other inspectors that had joined the case. Concurrent with the order conditionally certifying this case, the Court also entered an order staying the case to allow the parties to conduct settlement discussions.

Following conditional certification, Defendant produced the time and pay records for each of the Class Members. Plaintiff used this data to produce a damage estimate for each Class Member based on that individual's number of days worked and daily pay rate.

On April 16, 2019, at an all day mediator with experienced mediator, Steve Barghols, the parties reached an agreement on the settlement amount for the Plaintiffs and also negotiated several non-monetary terms. A copy of the final Settlement Agreement and Release ("Settlement Agreement") is attached as Exhibit 1 and subject to the Court's order granting the motion to seal and redact settlement amounts. [Doc. No. 40]..

## II.   EXPLANATION OF SETTLEMENT

### A. The Gross Settlement Fund

The parties agreed to settle Plaintiff's FLSA claims for ▮▮▮▮ (the "Gross Settlement Fund."). The Gross Settlement Fund covers the damages for Plaintiff and the Class Members, attorneys' fees, out-of-pocket litigation expenses, and settlement administration expenses. Plaintiff's counsel is requesting attorneys' fees in the amount of ▮▮▮▮ and out-of-pocket litigation expenses in the amount of ▮▮▮▮. The named plaintiff, Chad McElveen, is also requesting a ▮▮▮▮ service award in connection with his service as class representative. The settlement amount for the payment allocation to Plaintiff and the Class Members is ▮▮▮▮, the total remaining after a deduction for the requested attorneys' fees, expenses, and the Plaintiff's service award (the "Net Allocation Fund"). All costs, fees, and expenses associated with the litigation are intended to be covered by the Gross Settlement Fund and no further payment beyond the Gross Settlement Fund will be owed to Plaintiff or the Class Members.

### B. The Net Allocation Fund

The parties agree to a pro rata allocation of the Net Allocation Fund. To calculate the pro rata settlement allocations, Plaintiffs' Counsel calculated each individual's claim for alleged unpaid overtime under the FLSA using billing and days worked data from Defendant and Plaintiff's estimates of hours, and assuming a three-year statute of limitations under the FLSA. Using the results from this analysis, Plaintiffs' Counsel calculated an individual pro rata percentage for each Plaintiff, and then applied that percentage to the Net Allocation Fund to determine each Plaintiffs individual settlement offer.

The settlement allocations will be distributed in two checks to each Class Member, in one additional check to Named Plaintiff McElveen for the service award, and in one check to Plaintiffs' counsel. Half of each settlement allocation to each Class Member will be reported to the IRS on a W-2 form and represents payment for unpaid overtime. The other half of each settlement allocation to each Class Member will be reported to the IRS on an IRS Form 1099 and represents payment for liquidated damages. Defendant is separately responsible for payment of the employer's share of payroll taxes resulting from the settlement payments.

### C. Notice of Settlement and Release of Claims

Under the terms of the Settlement Agreement, after the Court approves the settlement, Plaintiff's counsel will mail and email a Notice of Settlement to each Class Member. The Notice informs the Class Members of the nature of this lawsuit, the fact that this lawsuit has settled, and the steps a Class Member may take should he/she elect to

participate in this settlement. Within 45 days of the mailing of the notice of the settlement, those Class Members desiring to participate in the settlement will then return a consent form to join to the case  After the notice period ends, Plaintiff's counsel will send a Claim Form and Release to each participating Class Member that will, if returned executed, operate as a release of claims for that Class Member. Within 30 days after the return of a Claim Form and Release, Defendant will fund that Class Member's portion of the settlement. Defendant will not fund any portions of Net Allocation Fund for Class Members who do not return a claim form. The release applicable to the Class Members who return a Claim Form and Release is a limited release of wage and hour claims and only for the time period that Class Member worked for Defendant on one of the projects covered by the class definition previously approved by the Court when conditional certification was granted. Class Members who do not return a Claim Form and Release do not release any claims.

## I. THE PARTIES' SETTLEMENT REPRESENTS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.

### A. The Legal Standard for Approval of FLSA Settlements

Under the FLSA, covered employers must pay non-exempt employees overtime for all hours worked over forty in a workweek. 29 U.S.C. § 207. An employer who violates the Act is liable for the unpaid overtime, and may be liable for "an additional equal amount as liquidated damages" if the employer cannot "show to the satisfaction of the court that the act or omission giving rise to such action was in good faith." 29 U.S.C. §§ 216(b), 260. "The court in such action shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* The statute of limitations for claims under the FLSA is two years, or three years if the employer's violation was willful. 29 U.S.C. § 255(a).

Courts have held that FLSA claims asserted in a private action may only be compromised after the district court reviews and approves the terms of the settlement. *Morton v. Transcend Servs., Inc.*, 2017 WL 977812, at* 1 (D. Colo. Mar. 13, 2017) (citing *Lynn's Food Stores, Inc. v. U.S. Dep 't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "Settlements may be permissible in the context of a suit brought by employees because initiation of the action ... provides some assurance of an adversarial context." *Lynn's Food Stores*, 679 F.2d at 1354. "The employees are likely to be represented by an attorney who can protect their rights under the statute." *Id.* Under these circumstances, the court should approve a settlement that represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354-55. As set forth below, the parties' settlement meets the criteria for approval.

### B. The Court should approve the Parties' Settlement

#### i.     *The Settlement Resolves a Bona Fide Dispute*

Parties requesting approval of an FLSA settlement must provide the court with sufficient information to determine whether a "bona fide" dispute exists. *Morton*, 2017 WL 977812, at *1 (citing *Deesv. Hydradry, Inc.*, 706F. Supp. 2d 1227, 1234 (M.D. Fla. 2010)). The parties may satisfy this burden by presenting evidence showing: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right

to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.* "The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement." *Id.*

Plaintiffs allege that Defendant misclassified them as exempt employees and denied them overtime pay, and that they were denied earned wages as a result. (See Compl., Doc. No. 1.) Plaintiffs were assigned to work for Defendant at third-party companies as inspectors. In addition to alleging that they were misclassified as exempt employees, Plaintiffs allege they were paid a day rate that does not satisfy the salary basis test required for an exemption to apply. Defendant denies that Plaintiffs are owed any overtime wages and contends that Plaintiffs were properly classified as exempt and therefore not subject to the FLSA's overtime requirement. Defendant also raises various other affirmative defenses to liability as well as contesting Plaintiffs' allegations for liquidated damages or that any violation of the FLSA was willful. Because the parties contest liability and the appropriate amount of overtime owed, if any, there is a bona fide dispute. The parties acknowledge that their claims and defenses pose risks, which informed, in part, their decision to resolve the bona fide disputes between them through settlement.

### ii. *The Terms of the Settlement are Fair and Reasonable*

"To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales." *Solis v. Top Brass, Inc.*, 2014 WL 4357486, at *3 (D. Colo. Sept. 3, 2014). Courts assessing an FLSA settlement for fairness and reasonableness examine factors that apply to proposed

class action settlements under Rule 23(e), including: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Hoffman v. Poulsen Pizza LLC*, 2017 WL 25386, at *4 (D. Kan. Jan. 3, 2017) (citing *Barbosa v. Nat'l Beef Packing Co.*, 2014 WL 5099423, at *7 (D. Kan. Oct. 10, 2014)). "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation." *Id.*

First, the settlement was fairly and honestly negotiated by counsel experienced with FLSA actions. Defendant produced data for Plaintiffs showing days worked, and the parties went through multiple offer and demand cycles. Settlement negotiations were facilitated by experienced mediator, Steve Barghols. The negotiations by experienced counsel and assistance by an experienced mediator supports that the settlement agreement was fairly and honestly negotiated.

Second, serious questions of law and fact exist as to whether Plaintiff and the Class Members are entitled to overtime and, if so, how much overtime. As mentioned, Plaintiffs claim that they were improperly classified as exempt employees and also were paid a day rate that does not satisfy the salary basis requirement under the exemptions. See 29 U.S.C. § 213 (stating employers are not required to pay an employee overtime if he is covered by

one of a handful of exemptions); 29 C.F.R. § 541.100, .304, .601 (requiring salary basis test for executive, administrative, and highly compensated exemptions).

Defendant asserts that the Plaintiff and Class Members were properly classified as exempt workers as they were paid a salary in excess of $455 per week, often totaling in excess of $100,000.00 per year. Therefore, these employees met the requirements of the executive, administrative, and highly compensated FLSA exemptions. See 29 C.F.R. § 541.100.304, 601, 602.

Because there is little developed case law on the matter, there is serious question as to liability. Moreover, the parties dispute the hours worked, whether Defendant acted in good faith and thus whether liquidated damages are appropriate, and whether Defendant acted willfully, which will affect whether Plaintiffs may recover under a two-year or three-year statute of limitations. The proposed settlement allows the parties to resolve the matter instead of litigating these complex and uncertain legal and factual issues.

Third, the immediate recovery offered by the proposed settlement outweighs the potential value of the case if the parties continued litigating the matter. As mentioned, there is serious legal and factual uncertainty surrounding liability and damages. If the parties proceeded to litigate the matter instead of settling, the next steps would require the parties to engage in lengthy and costly discovery, likely followed by cross-motions for summary judgment and potential trial on liability and damages. Instead of undertaking this protracted litigation course which may result in no recovery, the proposed settlement guarantees Plaintiff and the Class Members will receive a substantial recovery.

Fourth, the parties agree that the settlement is fair and reasonable. The Settlement Agreement was approved by Named Plaintiff McElveen, and Defendant. All Class Members will be provided a notice of settlement and may participate in the settlement should they chose to. If they do not wish to participate in the settlement, their claims will be unaffected. This supports that the parties agree the settlement is fair and reasonable.

Fifth, the amount of attorneys' fees requested by herein are fair and reasonable.[1] The FLSA provides that the Court "shall . . . allow [plaintiff] a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). *See Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1308 (10th Cir. 2014); *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1139-D, 2018 U.S. Dist. LEXIS 181333, 2018 WL 5269828 *1 (W.D. Okla. Oct. 23, 2018). Although the fee is mandatory, the Court has discretion to determine the reasonableness of the amount requested. *See Olivo v. Crawford Chevrolet Inc.*, 526 Fed. App'x 852, 855 (10th Cir. 2013). The Court should find that the percentage of the Gross Settlement Fund allocated to attorney fees is within the customary fee range approved by courts in this circuit and that the amount requested is fair and reasonable under the circumstances. *See, e.g., Ostrander v. Customer Eng'g Servs., LLC*, 2019 U.S. Dist. LEXIS 27645, 2019 WL 764570 *6 (D. Colo. Feb. 21, 2019) ("'fees have ranged from 4 per cent to 58 per cent" of settlement fund); *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1174 (D. Colo. 2018) (award equal to 37% of gross settlement amount "well within the normal range for a contingent fee award"); *McKinley v. Mid-Continent Well Logging Serv., Inc.*, Case No.

---

[1] Defendant does not join in the facts and arguments asserted with regard to attorneys' fees and costs but does not oppose Plaintiff's request for attorneys' fees and costs.

CIV-14-649-M (Doc. No. 48) (W.D. Okla. Mar. 2, 2016) (approving fee award of 40% of gross settlement fund). The percentage requested here falls with the same range.

## CONCLUSION

For all the reasons set forth herein, the parties respectfully request that their joint motion for settlement approval be granted in full.

Respectfully Submitted,

SOSA MORRIS NEUMAN, PLLC

/s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154 (admitted *pro hac vice*)
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560 (admitted *pro hac vice*)
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813


Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
Hammons, Gowens, Hurst & Associates
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Amberh@hammonslaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Kristin M. Simpsen (with permission)*
Tony G. Puckett, OBA # 13336
Kristin M. Simpsen, OBA # 22302

Philip R. Bruce, OBA # 30504
MCAFEE & TAFT
A Professional Corporation
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Facsimile:  (405) 235-0439
tony.puckett@mcafeetaft.com
kristin.simpsen@mcafeetaft.com
philip.bruce@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT**